United States District Court
Southern District of Texas
**ENTERED**
August 21, 2018
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SYSTEM ONE HOLDINGS LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. B: 18-cv-54** |
| | § | |
| **ERNEST CAMPBELL, ET AL.,** | § | |
| **Defendants.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 16, 2018, Plaintiff System One Holdings LLC ("System One") filed a second amended complaint against Defendants Ernest Campbell ("Campbell"), Brandon Gazaway ("Gazaway"), and Energy Challenges, LLC ("Energy Challenges"). Dkt. No. 17.

System One seeks vicarious liability against Campbell for the actions of Radiant; fraud in the inducement against Campbell; quantum meruit and unjust enrichment against Energy Challenges; quantum meruit against Gazaway; and conspiracy to commit fraud against Energy Challenges and Gazaway. Id.

On July 17, 2018, Energy Challenges filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).[1] Dkt. No. 18. On August 7, 2018, System One timely filed a response. Dkt. No. 23.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted in part and denied in part. It should be granted as to the claim of quantum meruit, because there have been no facts pled showing that System One notified Energy Challenges that it expected to be directly paid by Energy Challenges. On the other hand, the motion to dismiss should be denied as to the claims of unjust enrichment and conspiracy to commit fraud.

---

[1] Energy Challenges is the only defendant that has filed a motion to dismiss. Nothing in this report and recommendation impacts the claims against Campbell or Gazaway.

1

# I. Background

## A. Factual Background[2]

This case revolves around contractors and subcontractors hired to complete a local construction project.  Defendant Energy Challenges was hired by Grupo Transbiauga to provide manpower for a project at the San Roman Wind Farm in Los Fresnos, Texas. Dkt. No. 17, p. 3.  Energy Challenges hired "Epic" – a company run by Gazaway – to provide cable placement for the project. Id.  Epic, in turn, hired Radiant Renewables LLC – of which Campbell is the sole managing member – to provide manpower for the project. Id.

On January 5, 2016, Radiant and System One entered into a written contract for System One to provide personnel for the project. Dkt. No. 17, p. 5.  "Campbell, acting on behalf of Radiant, promised System One that payment would be made to System One for the services provided on the Project." Id.

"With the knowledge of Energy Challenges and Gazaway, System One provided personnel, without complaint or issue, on the Project in August and September of 2016." Dkt. No. 17, p. 5.  The System One personnel "reported directly to Felix Morales Florez, the managing partner of Energy Challenges." Id.

System One invoiced Radiant for $83,661.50 for the work provided during August and September 2016. Dkt. No. 17-1, p. 6-34.

On March 7, 2017, System One filed a complaint against Radiant, for breach of contract, in the Court of Common Pleas of Allegheny County, Pennsylvania. Dkt. No. 17, p. 6.  On April 27, 2017, the Court of Common Pleas issued a default judgment against Radiant

---

[2] Unless otherwise noted, all of the facts are taken from the operative complaint, Dkt. No. 17.  When deciding a motion to dismiss for failure to state a claim, the Court must "accept as true the well-pled factual allegations in the complaint, and construe them in the light most favorable to the plaintiff." Villarreal v. Wells Fargo Bank, N.A., 814 F.3d 763, 766 (5th Cir. 2016) (internal brackets omitted).

in the amount of $124,056.49. Dkt. No. 17-1, p. 39.[3]

"After entry of judgment against Radiant, System One discovered that Radiant was a mere instrumentality and/or the alter ego of Campbell, the sole managing member of Radiant." Dkt. No. 17, p. 6.  The complaint alleges that Campbell, acting as Radiant, never intended to "compensate System One in accordance with the terms of the contract." Id.

According to the complaint, Energy Challenges had previously hired Gazaway and Campbell, doing business as different entities, on previous construction jobs and knew that Gazaway and Campbell "had a pattern and practice of defrauding" subcontractors on those previous jobs. Dkt. No. 17, p. 7.  It is alleged that Gazaway and Campbell would create a corporate entity, hire subcontractors, refuse to pay and then dissolve the entity, leaving the subcontractors with "no recourse." Id.  The complaint does not identify those previous jobs or the previous corporate entities used by Gazaway and/or Campbell.

The complaint also alleges that the subcontractors previously defrauded by Gazaway and Campbell notified Morales Florez of the fraudulent conduct. Dkt. No. 17, p. 7.  No facts are pled showing when such contact occurred or who exactly contacted Morales Florez.

**B. Procedural History**

On March 27, 2018, System One filed a complaint against Energy Challenges, Gazaway and Campbell. Dkt. No. 1.  In that complaint, System One sought vicarious liability against Campbell for the actions of Radiant; fraud in the inducement against Campbell; as well as, quantum meruit and conspiracy to commit fraud against Energy Challenges and Gazaway. Id.  Jurisdiction was based upon diversity of citizenship. Id.

---

[3] The default judgment only has a preclusive effect as to Radiant and does not serve to collaterally estop System One from re-litigating issues related to the contract as to other parties. The preclusive effect of a state court judgment is based on the law of the state court that issued the judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005).  Under Pennsylvania law, "[a] default judgment is not entitled to the preclusive effect of collateral estoppel." McGill v. Southwark Realty Co., 828 A.2d 430, 435 (Pa. Commw. Ct. 2003).  Thus, the Pennsylvania judgment does not serve as a bar to any claims that System One makes against the Defendants in this case.

On May 21, 2018, Energy Challenges filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 6.

On June 11, 2018, System One filed an amended complaint as a matter of right, pursuant to FED. R. CIV. P. 15(a)(1)(B). Dkt. No. 7.

On July 2, 2018, the Court noted the amended complaint and dismissed Energy Challenge's motion to dismiss as moot, without prejudice to refiling. Dkt. No. 10.

On July 12, 2018, the Court ordered System One to file an amended complaint, reflecting the citizenship of all parties. Dkt. No. 16.

On July 16, 2018, System One filed a second amended complaint, which is the operative complaint in this case. Dkt. No. 17.  In that complaint, System One seeks to impose vicarious liability upon Campbell for the actions of Radiant; fraud in the inducement against Campbell; quantum meruit and unjust enrichment against Energy Challenges; quantum meruit against Gazaway; and conspiracy to commit fraud against Energy Challenges and Gazaway. Id.

On July 17, 2018, Energy Challenges filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 18.  As to the claim of quantum meruit, Energy Challenges asserts that because it was never in direct privity with System One, the plaintiff cannot maintain that claim under Texas law.  Energy Challenges further asserts that the presence of a written contract between Radiant and System One precludes any claim of quantum meruit or unjust enrichment.  As to the conspiracy to commit fraud claim, Energy Challenges argues that System One fails to "meet the heightened pleading requirements under Rule 9(b)" for such claims. Id.

On August 7, 2018, System One filed a response to the motion to dismiss. Dkt. No. 23.  System One asserts that it can recover under quantum meruit, despite the presence of a written contract, because there is an exception under Texas law that permits quantum meruit and unjust enrichment in construction contracts. Id.  As to the quantum meruit claim, System One asserts that it placed Energy Challenges on notice that it expected to be compensated

when Campbell and Gazaway failed to pay.  As to the conspiracy to commit fraud claim, System One asserts that it has met the heightened pleading standard, or alternatively, that it should be given leave to conduct discovery on that issue. Id.

No reply brief was filed.

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1).  No party disputes that diversity jurisdiction exists in this case. Dkt. No. 19, p. 1.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court must apply Texas law when determining substantive issues." Finnicum v. Wyeth, Inc., 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[4] guess' as to how the Texas Supreme Court would apply state law." Beavers v. Metro. Life Ins. Co., 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

### B. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).  The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

---

[4] Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

5

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).  The Court has the discretion to determine if dismissal should be with or without prejudice because "the district court is best situated to determine when plaintiffs have had sufficient opportunity to state their best case." Crosby v. Hariel, 673 F. App'x 397, 400 (5th Cir. 2016).

### C. Quantum Meruit

"To recover under a quantum meruit claim, a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged." Hill v. Shamoun & Norman, LLP, 544 S.W.3d 724, 732-33 (Tex. 2018).

"As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." Walker & Assocs. Surveying, Inc. v. Roberts, 306 S.W.3d 839, 858 (Tex. App. 2010) (quoting Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988)).  There is an exception to that general rule, as it relates to construction contracts.  If a contractor only partially performs under a construction contract, "Texas courts have allowed a breaching contractor to recover under quantum meruit

6

where the owner has accepted and retained some benefit as a result of a contractor's partial performance." Walker, 306 S.W.3d at 858.  Generally, if a subcontractor fully performs its end of a written contract, it cannot pursue relief under quantum meruit, because its recourse lies in contract. Pepi Corp. v. Galliford, 254 S.W.3d 457, 462 (Tex. App. 2007).  The question of whether a written contract exists is a question of law for the Court to decide. Hejin Hong v. Nations Renovations, LLC, No. 05-15-01036-CV, 2016 WL 7473900, at *3 (Tex. App. Dec. 29, 2016), review denied (May 12, 2017).

### D. Unjust Enrichment

"Unjust enrichment occurs when a person has wrongfully secured a benefit or has passively received one which it would be unconscionable to retain." Eun Bok Lee v. Ho Chang Lee, 411 S.W.3d 95, 111 (Tex. App. 2013).  "The unjust enrichment doctrine applies the principles of restitution to disputes which for one reason or another are not governed by a contract between the contending parties." Burlington N. R. Co. v. Sw. Elec. Power Co., 925 S.W.2d 92, 97 (Tex. App. 1996), writ granted (June 12, 1997), aff'd sub nom. Sw. Elec. Power Co. v. Burlington N. R.R. Co., 966 S.W.2d 467 (Tex. 1998).  "A party may recover under an unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." Insignia Capital Advisors, Inc. v. Stockbridge Corp., No. 05-99-01126-CV, 2000 WL 267495, at *4 (Tex. App. 2000).

Generally, unjust enrichment is not an available remedy "if there is an express contract that covers the services or materials furnished." Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P., 406 S.W.3d 609, 614 (Tex. App. 2013).  This limitation, to recourse solely under the contract, "is applicable not only when the plaintiff is seeking to recover in equity from the party with whom he expressly contracted, but also when the plaintiff is seeking recovery from a third party foreign to the original contract but who is alleged to have benefited from its performance." Id.

7

### E. Conspiracy to Commit Fraud

The elements of civil conspiracy are: (1) that two or more persons, (2) with an object to be accomplished, (3) with the meeting of minds on the object or course of action, (4) commit one or more unlawful or overt acts, (5) that causes damage or injury. Robinson v. Brannon, 313 S.W.3d 860, 867 (Tex. App. 2010) (citing Operation Rescue-Nat'l v. Planned Parenthood, 975 S.W.2d 546, 553 (Tex. 1998)). "In short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy." Angel v. La Joya Indep. Sch. Dist., 717 F. App'x 372, 379-80 (5th Cir. 2017) (internal brackets omitted) (emphasis original).

The elements of fraud are that: "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., 546 S.W.3d 648, 653 (Tex. 2018), reh'g denied (June 15, 2018) (internal quotations omitted).

State law fraud claims are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). These requirements are to be imposed "strictly," requiring a plaintiff to "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Id.

### III. Analysis

The Court must analyze two separate issues: (1) whether the existence of an express contract between System One and Radiant bars any claim for quantum meruit or unjust enrichment; and (2) whether System One has met the heightened pleading standard to establish a conspiracy to commit fraud claim against Energy Challenges. As to the first question, the Court concludes that System One fails to state a claim to relief under quantum

meruit, but can proceed on a claim of unjust enrichment.  As to the second question, the Court concludes that System One has met the heightened standard, given the information that is available to it.

### A. Quantum Meruit

Energy Challenges has moved to dismiss the quantum meruit claim on the basis that the written contract between System One and Radiant bars such relief as a matter of law and that Energy Challenges was never in direct privity with System One.  The motion to dismiss should be granted as to the quantum meruit claim, based on a lack of privity.

The Court must first consider whether the written contract between System One and Radiant bars any quantum meruit claim and then consider whether System One has pled facts as to every element of a quantum meruit claim.

### 1. Contract

As to the existence of the written contract, the Texas Supreme Court has been consistently clear that the presence of a written contract will generally bar any claim for quantum meruit. Hill v. Shamoun & Norman, LLP, 544 S.W.3d 724, 737 (Tex. 2018); In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 740 (Tex. 2005); Murray v. Crest Constr., Inc., 900 S.W.2d 342, 345 (Tex.1995).

"The express contract bar applies not only when the plaintiff seeks to recover in quantum meruit from the party with whom it expressly contracted, but also when the plaintiff seeks recovery from a third party foreign to the original contract but who benefitted from its performance." Skyline Commercial, Inc. v. ISC Acquisition Corp., No. 05-17-00028-CV, 2018 WL 3090404, at *4 (Tex. App. June 22, 2018).

There is an express, written contract between System One and Radiant which controls the services that were provided in this case. Dkt. No. 17-1.  The contract provided that Radiant would pay System One for the work performed; there was no contractual provision which based payment on when Radiant was paid by Energy Challenges or anyone else. Id. The existence of a written contract would bar any claim for quantum meruit, unless an exception applies.

9

It appears that such an exception applies to the facts of this case.  If "a written contract is unenforceable, a plaintiff is not barred from recovery in <u>quantum meruit</u>." <u>Celmer v. McGarry</u>, 412 S.W.3d 691, 708 (Tex. App. 2013).  If there is fraud in the inducement of the contract, then the contract is unenforceable. <u>See Ordonez v. Solorio</u>, 480 S.W.3d 56, 69, n. 5 (Tex. App. 2015) ("Fraud in the inducement is fatal to a contract"); <u>Flores v. Matthews & Branscomb</u>, No. 04-04-00690-CV, 2005 WL 763310, at *2 (Tex. App. Apr. 6, 2005) ("Fraud in the inducement is fatal to a contract and is a defense against the enforcement of such contract.").

System One has alleged that Campbell fraudulently induced System One into entering into the contractual agreement, despite the fact that Campbell had no intention of paying under the contract. Dkt. No. 17, pp. 10-11.  If those factual allegations are proven true, it would show that there was no "meeting of the minds." <u>See In re ReadyOne Indus., Inc.</u>, 394 S.W.3d 680, 688 (Tex. App. 2012) (noting that when a contract is fraudulently induced, there is no meeting of the minds).[5]

Given that System One has plausibly alleged that the contract was procured through fraudulent inducement, the contract is unenforceable and does not serve as a bar to recovery pursuant to <u>quantum meruit</u>. <u>Hill</u>, 544 S.W.3d at 735 (If "a written contract is unenforceable, a plaintiff is not barred from recovery in <u>quantum meruit</u>."); <u>Walker v. Walker</u>, No. 14-16-00357-CV, 2017 WL 1181359, at *8 (Tex. App. Mar. 30, 2017) (holding that unjust enrichment allows recovery when an agreement is unenforceable).  Thus, the existence of a written contract in this case does not preclude a <u>quantum meruit</u> claim.  This conclusion, however, does not end the Court's analysis.  It must next consider whether System One has pled facts that satisfy the elements of <u>quantum meruit</u>.

---

[5] The existence of the default judgment against Radiant for breach of contract does not constitute a finding that a valid contract existed for purposes of claim preclusion and collateral estoppel. <u>McGill</u>, 828 A.2d at 435; <u>Westmoreland Cty. Children's Bureau v. Dep't of Pub. Welfare</u>, No. 429 C.D. 2009, 2009 WL 9102348, at *2 (Pa. Commw. Ct. Nov. 17, 2009) (collateral estoppel does not apply to a default judgment under Pennsylvania law because "there was no decision on the merits in the first proceeding, but only a procedural default").

### 2. Elements

"To recover under the doctrine of <u>quantum meruit</u>, a plaintiff must establish that: 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." <u>Heldenfels Bros. v. City of Corpus Christi</u>, 832 S.W.2d 39, 41 (Tex. 1992).

As to the first three elements, System One has pled sufficient facts to show that it provided valuable services as a sub-subcontractor to Energy Challenges, which Energy Challenges knew about. The complaint alleges that Morales Florez personally supervised the work done by System One, showing that Energy Challenges accepted the work. The fourth element, however, is fatal to a claim of <u>quantum meruit</u> in this case.

As to the fourth element of notice, the key consideration is the timing of when the plaintiff informs the defendant that it expects to be paid directly by the defendant. The Court must focus on "what the recipient of the services knew or should have known <u>at the time the services were accepted</u>." <u>Myrex Indus., Inc. v. Ortolon</u>, 126 S.W.3d 548, 551 (Tex. App. 2003) (emphasis added). There is no evidence in the complaint that System One notified Energy Challenges, prior to beginning its work, that System One expected to be directly paid by Energy Challenges – a party with whom System One did not have a contract. There are no facts pled showing that Energy Challenges knew or should have known that System One expected payment directly from Energy Challenges before System One began its work. <u>See Heldenfels</u>, 832 S.W.2d at 41 (<u>quantum meruit</u> was not an available remedy when there was no evidence that subcontractor made the city aware, prior to beginning work, that the subcontractor expected payment directly from the city). In this case, System One did not seek direct payment from Energy Challenges until after Radiant failed to timely pay. Dkt. No. 17, pp. 5-6. System One has failed to plead any facts showing notice, which is fatal to the <u>quantum meruit</u> claim. <u>Id</u>.

Accordingly, the <u>quantum meruit</u> claim should be dismissed for failure to state a claim upon which relief can be granted.

**B. Unjust Enrichment**

Energy Challenges has also moved to dismiss the unjust enrichment claim, solely on the basis that the written contract between System One and Radiant/Campbell bars such relief as a matter of law.  A careful review of the caselaw and the facts of this case, do not support that argument.

As a general rule, the presence of a written contract will bar any claim for unjust enrichment, because "parties should be bound by their express agreements." Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000).  This rule also bars recovery from third parties who were not party to the contract, but benefitted from its performance. Protocol Techs., 406 S.W.3d at 614.

As previously noted, there is an express, written contract between System One and Radiant which controls the services that were provided in this case. Dkt. No. 17-1.  As the Court has already explained, the fact that System One is claiming fraud in the inducement makes the written contract unenforceable. Ordonez, 480 S.W.3d 56, 69, n. 5 (Tex. App. 2015) ("Fraud in the inducement is fatal to a contract").  Under such circumstances, a claim for unjust enrichment is not barred by the written contract. Burlington N. R. Co., 925 S.W.2d at 97 ("Recovery under principles of unjust enrichment is also appropriate when a contemplated agreement is unenforceable.").

Given that System One has plausibly alleged that the contract was procured through fraudulent inducement, the contract is unenforceable and does not serve as a bar to an unjust enrichment claim. Walker v. Walker, No. 14-16-00357-CV, 2017 WL 1181359, at *8 (Tex. App. Mar. 30, 2017) (holding that unjust enrichment allows recovery when an agreement is unenforceable).

Thus, System One can proceed in its claim – under unjust enrichment – if it pleads facts showing that Energy Challenges "obtained a benefit from another by fraud, duress, or the taking of an undue advantage." Insignia Capital Advisors, 2000 WL 267495, at *4. System One has pled that Energy Challenges conspired to commit fraud, as laid out further

below.  Even if the fraud claim is not enough, System One has also pled facts showing that Energy Challenges has "passively received [a benefit] which it would [be] unconscionable to retain." Villarreal v. Grant Geophysical, Inc., 136 S.W.3d 265, 270 (Tex. App. 2004). Energy Challenges received the benefit of System One's unpaid labor, either through active fraud or passive acquiescence, by Radiant's lack of payment.  Under either circumstance, it would be unconscionable for Energy Challenges to receive such a benefit at no cost.

Accordingly, the motion to dismiss should be denied as to the unjust enrichment claim.

### C. Conspiracy to Commit Fraud

System One asserts that Campbell committed fraud when it entered into the contract with no intent of paying System One for its work and that Energy Challenges and Gazaway conspired with Campbell/Radiant to commit this fraud. Dkt. No. 1.  Before addressing whether such a claim may proceed, the Court must first determine whether System One has pled sufficient facts to state a claim for conspiracy to commit fraud.

In order to establish a claim for conspiracy to commit fraud, System One must plead facts showing that a fraud occurred and also facts showing that there was a conspiracy. Bank One, Texas, N.A. v. Stewart, 967 S.W.2d 419, 446 (Tex. App. 1998).  As previously established, the elements of fraud are: "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result." Orca Assets, 546 S.W.3d at 653. System One has pled facts showing that Campbell falsely represented that System One would be paid for its work; that this representation was knowingly or recklessly made; that Campbell intended to induce System One to act on this representation; and that System One suffered injury when it acted in reliance upon the representation. Dkt. No. 17, pp. 3-7.  Thus, System One has pled sufficient facts to show that Campbell committed fraud when he

entered into the contract.

The more pressing question is whether System One has pled sufficient facts to show that Energy Challenges conspired with Campbell when Campbell made this fraudulent misrepresentation.

Again, as previously noted, civil conspiracy occurs when two or more people, agree and intend to accomplish a particular object or course of action, commit one or more unlawful or overt acts, and cause damage or injury. Robinson, 313 S.W.3d at 867.  "In short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy." Angel, 717 F. App'x at 379-80.  "A naked allegation of conspiracy or agreement, without more specific factual allegations, is not to be accepted as sufficient to state a claim." Norris v. Hearst Tr., 500 F.3d 454, 464 (5th Cir. 2007).

System One has pled that Energy Challenges, Campbell and Gazaway – which constitutes two or more people – committed an unlawful act of fraud, which caused damages. As to the element which requires a meeting of the minds as to the objective to be accomplished, System One faces an inherent challenge.

It is difficult to plead facts to show a meeting of the minds, especially when the facts that would tend to establish this element – such as prior meetings, any written or verbal agreements, prior knowledge of the fraud – are solely in the control of the Defendants.  On its face, System One is being asked to plead certain facts – namely, that Energy Challenges, Campbell, and Gazaway have repeatedly agreed to defraud subcontractors of the value of their honest labor – without the benefit of finding those underlying contracts or the ability to depose anyone associated with the Defendants.  This task is made even more difficult because Campbell and Gazaway have allegedly repeatedly created new corporate entities to hide their prior actions.

The Fifth Circuit has recently held that "when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." Innova Hosp. San Antonio, Ltd. P'ship v. Blue

14

<u>Cross & Blue Shield of Georgia, Inc.</u>, 892 F.3d 719, 730 (5th Cir. 2018).  System One has pled that Campbell and Gazaway have repeatedly created corporate entities for the purpose of entering into contracts and then discarded the entity after defrauding subcontractors.  In this case, the discoverable information – the prior contracts between Energy Challenges and corporate entities created by Campbell and Gazaway – is uniquely in the possession and under the control of Energy Challenges.

"While a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of [his or her] limited access to crucial information." <u>Innova Hosp.</u>, 892 F.3d at 730-31 (quoting <u>Barnes v. Tumlinson</u>, 597 Fed. App'x. 798, 799 (5th Cir. 2015)).  System One has pled sufficient facts – based upon the information readily available to it – to show that it is not engaged in a fishing expedition or wild goose chase.  Given that the Court must take into account System One's "limited access to crucial information," the Court believes that it only makes sense to allow this claim to go forward and allow System One access to the discoverable information that Energy Challenges uniquely controls.  To conclude otherwise simply rewards hiding the ball, by demanding that Plaintiffs plead facts at the outset of the case that can only be readily ascertained through discovery.

Accordingly, in its current posture, the motion to dismiss should be denied as to this claim.  That being said, Energy Challenges is always free to file a motion for summary judgment as to this issue, subject to the limitations of FED. R. CIV. P. 56(d).

**IV. Recommendation**

It is recommended that the motion to dismiss filed by Defendant Energy Challenges LLC, be granted as to the claim of <u>quantum</u> <u>meruit</u>. Dkt. No. 18.

It is further recommended that the motion to dismiss filed by Energy Challenges LLC, be denied as to the claims of unjust enrichment and conspiracy to commit fraud.

**A. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of  plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 21, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge